# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61215-Civ-COOKE/TORRES

STEVE K. HYPPOLITE,

    Plaintiff,

vs.

BROWARD SHERIFF'S OFFICE, OTHER
UNKNOWN BSO OFFICERS and S. WILLIAMS,

    Defendants.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This is an action under 42 U.S.C. § 1983 for alleged violations of Plaintiff Steve K. Hyppolite's constitutional rights during his 2015 arrest for speeding and driving without a valid driver's license. I have jurisdiction under 28 U.S.C. § 1331.

Pending is the Motion for Summary Judgment of Defendants Broward Sheriff's Office, Officer Sean Williams, and Other Unknown BSO Officers. (ECF No. 41). For the reasons that follow, I grant the Motion.

## BACKGROUND

On November 24, 2015, Officer Williams observed, and his radar gun signaled, that Plaintiff was driving sixty-two miles per hour on a street with a posted speed limit of forty miles per hour. (ECF No. 41-1 at 2-3). Officer Williams pulled Plaintiff over and asked him to produce his driver's license. (*Id.* at 3). Plaintiff claimed that as a "traveler" he did not need one.[1] (*Id.*). Officer Williams then arrested Plaintiff for speeding and driving without a valid driver's license. (*Id.* at 4). Plaintiff spent approximately fourteen hours in custody before his release. (ECF No. 1 at 10).

On June 7, 2016, Plaintiff filed this § 1983 action claiming that Officer

---

[1] Officer Williams understood Plaintiff to mean that he was a member of the "sovereign citizens" group. (ECF No. 41-1 at 3). In Officer Williams' experience, members of that group "believe that Driver's Licenses and Identification [are] not required to 'travel' or operate a motor vehicle on the roadways." (*Id.*).

Williams lacked probable cause for his arrest (Count I), and that he was falsely imprisoned as a result of that arrest (Count II). (*Id.* at 5-6). Defendants filed the instant Motion on April 10, 2017. (ECF No. 41). Plaintiff's response to the Motion was due on or before April 24, 2017, but he failed to file one. (*Id.*).

Despite Plaintiff's inaction, I cannot grant Defendants' Motion "merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *Kinder v. Carson*, 127 F.R.D. 543, 545 (S.D. Fla. 1989) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). I therefore ordered Plaintiff to file a response to Defendants' Motion on or before May 30, 2017, or alternatively to show cause why I should not decide the Motion on the record as it stands. (ECF No. 43). That day has come and gone, and Plaintiff still has not filed a response or explained his failure to do so.

Accordingly, I rule on Defendants' Motion based on the record before me.

**STANDARD OF REVIEW**

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id*.

Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

"A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Abbes v. Embraer Servs., Inc.*, 195 F. App'x 898, 899-900 (11th Cir. 2006) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

When deciding whether summary judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party." *Bush v. Houston County Commission*, 414 F. App'x 264, 266 (11th Cir. 2011).

## DISCUSSION

A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim. *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). An arrest made with probable cause, however, constitutes an absolute bar to a § 1983 action for false arrest. *Id.* Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense. *Id.* Probable cause does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information." *Id.* at 1506 (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). In this case, I must determine whether a reasonable officer in the same circumstances and possessing the same knowledge as Officer Williams could have believed that probable cause existed to arrest Plaintiff. *See Pickens v. Hollowell*, 59 F.3d 1203, 1206 (11th Cir. 1995).

Officer Williams states he observed, and his radar gun signalled, Plaintiff exceeding the posted speed limit by more than twenty miles per hour. He therefore had probable cause to believe that Plaintiff was committing a traffic offense under Fla. Stat. § 316.183. *See, e.g., Young v. State*, 33 So. 3d 151, 153 (Fla. Ct. App. 2010) (police may stop a vehicle for a speeding violation based on the officer's "visual or aural perceptions and that verification of actual speed by the use of radar equipment or clocking is not necessary to justify the stop") (citation omitted).

Accordingly, Officer Williams stopped Plaintiff and arrested him for speeding. When Officer Williams lawfully asked for Plaintiff's driver's license and discovered he did not have one, he also charged him with driving without a valid driver's license under Fla. Stat. § 322.03. *See Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (if "an occupant is otherwise subject to seizure for violation of law," stopping an automobile and detaining the driver in order to check his driver's license are reasonable under the Fourth Amendment); *see also Harper v. State*, 532 So. 2d 1091, 1094-95 (Fla. Ct. App. 1988) (request that a detainee produce identification, even a persistent or intrusive request, is appropriate during a *Terry* stop). Probable cause therefore unquestionably supported Plaintiff's arrest. *See Delaware*, 440 U.S. at 663; *Young*, 33 So. 3d at 153.

As for Plaintiff's § 1983 false imprisonment claim, to the extent it is separate from his § 1983 false arrest claim, I conclude that because Officer Williams had probable cause to arrest Plaintiff, "the confinement of Plaintiff that resulted therefrom was also not unlawful."[2] *Evans v. The City of Neptune Beach*, 61 F. Supp. 2d 1245, 1254 (M.D. Fla. 1998).

## CONCLUSION

In light of the above, it is hereby **ORDERED** and **ADJUDGED** that the

---

[2] There appears to be some disagreement, or at least a lack of clarity, in the case law as to whether, and under what circumstances, a § 1983 false arrest claim is separate from a § 1983 false imprisonment claim. Because I find that Officer Williams had probable cause to arrest Plaintiff, I need not address, much less try to untangle, that issue. *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) ("[P]robable cause is a complete bar to an action for false arrest and false imprisonment.") (quoting *Bolanos v. Metropolitan Dade County*, 677 So. 2d 1005, 1005 (Fla. Ct. App. 1996)).

Motion for Summary Judgment of Defendants Broward Sheriff's Office, Officer Sean Williams, and Other Unknown BSO Officers. (ECF No. 41) is **GRANTED**. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE** and **ORDERED** in chambers at Miami, Florida, this 22nd day of June 2017.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*